IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT M. LOVE, Jr.,

    Plaintiff,

v.                                                                                                          CIV 15-0590 KBM

CAROLYN COLVIN, Acting
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on Defendant's Motion to Dismiss. *See generally Doc. 16* (Motion); *Doc. 17* (Response); *Doc. 20* (Reply). Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3, 6 & 7*. Having considered the submissions of the parties and the relevant law, the Court will grant the Motion.

### I.    FACTS AND PROCEDURAL BACKGROUND

Plaintiff applied for Title II disability benefits on May 15, 2013. *Doc. 16-1* at 2. Plaintiff's application for benefits was denied initially on June 17, 2013, and upon reconsideration on July 15, 2013. *Doc. 16-1* at 7. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on August 23, 2013. *Doc. 16-1* at 2. On September 17, 2013, ALJ Edgar Perkerson dismissed Plaintiff's request for a hearing, finding:

> The record shows that the claimant previously filed an application for a period of disability and disability insurance benefits that was denied in a determination dated December 16, 2008. This determination, which was issued after the claimant's insured status expired on March 31, 2008,

>became administratively final because the claimant did not request review within the stated time period.

*Doc. 16-1* at 7. ALJ Perkerson considered whether the determination should be reopened and concluded that it should not because Plaintiff did not allege having a mental impairment as required by Social Security Ruling 91-5p. *Id.* (citing 20 C.F.R. § 404.988). ALJ Perkerson then held that *res judicata* applied, finding "no new material evidence has been submitted and that there has been no change in statute, regulation, ruling or legal precedent concerning the facts and issues ruled upon in connection with the previously adjudicated period." *Id.* at 7-8.

The Appeals Council denied Plaintiff's request for review on October 31, 2014. *Doc. 16-1* at 9. Plaintiff then requested an extension of time to appeal from the Appeals Council's decision and concurrently requested access to the administrative record "in order to evaluate the case and determine whether to advise [Plaintiff] to appeal." *Doc. 17-1* at 1. Plaintiff's counsel and the Appeals Council exchanged a number of telephone calls and correspondence during early 2014, apparently aimed at retrieving a copy of the file. *Doc. 17* at 2. Notwithstanding, the Appeals Council denied Plaintiff's request for additional time to file a civil action, without providing access to the requested records, on May 12, 2015. *Doc. 16-1* at 11; *Doc. 17* at 2.

Plaintiff initiated this action on June 8, 2015. *Doc. 1*. In his Complaint, Plaintiff alleges that the ALJ "improperly dismissed [his] case based on *res judicata* and the Appeals Council denied [his] due process rights in denying the request for review." *Id.* at 2. Plaintiff asserts that "[t]his Court has jurisdiction of this action because [he] has a colorable constitutional claim of a due process violation and because the Court may

review to determine whether the Commissioner properly applied the regulations regarding the request for an extension of time." *Id.* at 3. Defendant did not answer, but instead filed the present Motion to Dismiss. *Doc. 16*.

## II.    ANALYSIS

Generally, a federal court has jurisdiction to review only final decisions of the Commissioner of Social Security made after a hearing. 42 U.S.C. § 405(g); 42 U.S.C. § 405(h); *Califano v. Sanders*, 430 U.S. 99 (1977). An administrative decision declining to reopen a prior claim or denying a subsequent claim on *res judicata* grounds does not require a hearing; therefore, it is not a "final decision . . . made after a hearing" as required for jurisdiction. *Califano*, 430 U.S. at 108; *Blair v. Apfel*, 229 F.3d 1294, 1295 (10th Cir. 2000); *see also* 20 C.F.R. § 405.380(c) (permitting an ALJ to dismiss a request for a hearing on *res judicata* grounds). Besides the ALJ's *res judicata* determination, none of decisions that Plaintiff takes issue with in this case required a hearing. *See* 20 C.F.R. §§ 404.974 (obtaining evidence from the Appeals Council), 404.982 (extension of time to file an action in federal district court), 405.401 (Appeals Council review of the dismissal of a hearing by an ALJ). Accordingly, they are not "final decisions" under Section 405(g), and the Court is without jurisdiction to consider them.

The only caveat to this general rule is where a plaintiff presents a "colorable constitutional claim." *Blair*, 229 F.3d at 1295. The existence of a constitutional claim is a question of law for the Court to decide. *London v. Apfel*, 202 F.3d 282 (10th Cir. 1999) (unpublished). However, the plaintiff bears the burden to show the presence of a colorable claim. *Nelson v. Sec'y of Health & Human Services*, 927 F.2d 1109, 1111 (10th Cir. 1990). The most common constitutional claims assert the presence of a

mental or cognitive impairment which prevents a *pro se* plaintiff from understanding or acting upon notices denying benefits. *Blair*, 229 F.3d at 1296 (citing SSR 91-5p, 1991 WL 208067); *see also Jaramillo v. Apfel*, CIV 99-1266 JAP/KBM, Doc. 12 (D.N.M. 2000). While Plaintiff's Response cursorily mentions a diagnosis of PTSD, he provides no explanation of how this diagnosis prevented him from requesting review of the December 16, 2008 disability determination. Absent an explanation, such unsupported allegations are generally insufficient to reach the threshold of a colorable claim. *Nelson*, 927 F.2d at 1111 ("The district court correctly found that Mr. Nelson's unsupported allegation that he might have been suffering from a mental impairment when he submitted his first application for benefits is insufficient to create a colorable constitutional claim."). Furthermore, in this case the ALJ explicitly found that "at the time of the previous determination, [Plaintiff] did not have or allege having a mental impairment" so as to merit the application of SSR 91-5p. *Doc. 16-1* at 7.

### III.  CONCLUSION

None of Plaintiff's claims in this matter fit within the "final decision" requirement of 42 U.S.C. § 405(g). Accordingly, the Court has no jurisdiction to consider them absent a colorable constitutional claim, which Plaintiff does not present.

Wherefore,

**IT IS ORDERED** that Defendant's Motion to Dismiss (*Doc. 16*) is granted.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent